Rob Bonta
Attorney General of California
Christopher P. Beesley
Supervising Deputy Attorney General
Michael D. Butera
Deputy Attorney General
State Bar No. 295601
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9054
 Fax: (619) 645-2044
 E-mail: Michael.Butera@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **QAYED MURTAZA SHAREEF,**<br><br>Petitioner,<br><br>v.<br><br>**KEN CLARK, Warden,**<br><br>Respondent. | Case No. 8:22-cv-00850-DOC-KS<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Judge: The Hon. Karen L. Stevenson<br><br>Action Filed: 4/21/2022 |

Respondent Tammy Campbell,[1] Warden of California State Prison, Corcoran of the California Department of Corrections and Rehabilitation, respectfully submits this Answer to the Petition for Writ of Habeas Corpus under this Court's Order and in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court.

Respondent denies all allegations contained in Petitioner Qayad Murtaza Shareef's Petition that his custody is unlawful and hereby asserts:

---

[1] Though the habeas Petition lists Ken Clark as Respondent, Tammy Campbell is the current Warden of California State Prison, Corcoran, as of June, 2022

1

### I.

Shareef is lawfully in Respondent's custody, serving an indeterminate term of twenty-five years to life in state prison for multiple convictions of sex offenses involving children and various sentencing enhancements.

### II.

The Petition for Writ of Habeas Corpus is subject to the relitigation bar Congress enacted in 28 U.S.C. § 2254(d). To warrant relief, Shareef bears the burden of showing that the state court's adjudication on the merits of his claims resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the" United States Supreme Court, or was "based on an unreasonable determination of facts in light of the evidence presented." § 2254(d).

### III.

The Petition is timely.

### IV.

In his initial petition before this Court, Shareef raises one claim. He asserts that the trial court violated his Fifth Amendment rights when it admitted incriminating statements, which he asserts were both involuntary and inadmissible absent *Miranda*[2] warnings from law enforcement. Shareef also filed an addition to his petition, which this Court has construed together with the original as an amended federal petition, in which he presents six additional claims, asserting issues of constitutional and evidentiary error, juror misconduct, alleged *Brady*[3] violations, and ineffective assistance of trial and appellate counsel.

The new claims in his addition to the petition, which he added from his state habeas proceedings, are unexhausted, rendering his amended petition mixed. Consequently, Shareef's petition should now be dismissed.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966) *(Miranda)*
[3] *Brady v. Maryland*, 373 U.S. 83 (1963 *(Brady)*

Alternatively, Shareef's petition should be denied because his exhausted and unexhausted claims are meritless.

As to his exhausted claim, Shareef was not in custody when police interviewed him so *Miranda* warnings were not required. Further, the circumstances established that his confession was voluntary. Shareef has failed to show that the state court's resolution of his claim was contrary to, or based on an unreasonable application, of clearly established United States Supreme Court authority.

Shareef's unexhausted claims are equally unavailing. First, a majority of these claims are procedurally barred because he failed to raise them on direct appeal and failed to show cause and prejudice to excuse his default. And second, his assertions of ineffective assistance of his trial and appellate counsel are meritless.

This Court should deny the Petition.

### V.

To the extent the state courts made express and implied factual findings, the presumption of correctness mandated by 28 U.S.C. § 2254(e)(1) applies to such findings.

### VI.

Shareef is not entitled to an evidentiary hearing to resolve any of his claims. 28 U.S.C. § 2254(e)(2); *Cullen v. Pinholster,* 563 U.S. 170 (2011).

### VII.

The relevant facts and procedural history set forth in the accompanying Memorandum of Points and Authorities are incorporated herein by this reference. Except as expressly admitted here or in the Memorandum of Points and Authorities, Respondent denies that Shareef's confinement is improper, unconstitutional, or unlawful.

1  Wherefore, Respondent respectfully requests that the Petition for Writ of
2  Habeas Corpus be denied and that any request for a certificate of appealability be
3  denied.

4  Dated: March 20, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTOPHER P. BEESLEY
Supervising Deputy Attorney General


***/s/ Michael D. Butera***
MICHAEL D. BUTERA
Deputy Attorney General
*Attorneys for Respondent*

MDB:PJ
SD2022800991
83859285.docx

# CERTIFICATE OF SERVICE

Case Name: **Shareef v. Clark**     No. **8:22-cv-00850-DOC-KS**

I hereby certify that on March 20, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On March 20, 2023, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Qayed Murtaza Shareef, CDC# BM2497
California State Prison - Corcoran
P.O. Box 3466
Corcoran, CA 93212
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 20, 2023, at San Diego, California.

|  P. Johnson  |  *P. Johnson* (signature)  |
| :---: | :---: |
|  Declarant  |  Signature  |

SD2022800991
83859313.docx